HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCE CAPITAL INC., <br><br> Plaintiff, <br><br> v. <br><br> M/V ANGIE, Official No. 249544, her gear, furniture, equipment, etc. *in rem*, and BLACK MOUNTAIN FISHERIES LLC *in personam*, <br><br> Defendants, <br><br> COLUMBIA STATE BANK, a Washington state chartered bank, <br><br> Intervening Plaintiff. | IN ADMIRALTY <br><br> NO. C09-1623JCC <br><br> ORDER GRANTING INTERVENING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER DIRECTING SALE |

This matter comes before the Court upon Intervening Plaintiff's unopposed motion for summary judgment and order directing sale (Dkt. No. 28). The Court having reviewed the Declaration of Alana Rouff, and the balance of the records and files herein, and being fully advised, GRANTS the motion as follows:

1. Plaintiff asserts a preferred maritime lien against the vessel M/V ANGIE, Official No. 249544 ("M/V ANGIE"), arising from monies advanced to Black Mountain Fisheries, LLC, the Defendant herein.

2. The vessel M/V ANGIE was duly arrested on or about November 24, 2009 pursuant to an Order issued by this Court. The property was not released within 21 days after

ORDER GRANTING INTERVENING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND ORDER DIRECTING SALE - 1
Case No. C09-1623JCC

00454865.DOC

execution. Notice of Arrest was published in the Seattle Daily Journal of Commerce on December 11, 2009.

3. All the lien claimants listed in the Abstract of Title from the United States Coast Guard, Form CG-1332, have been provided adequate notice of the arrest of the vessel. The parties are unaware of any other persons who may have an interest in the vessel. Plaintiff and Intervening Plaintiff have shown to the satisfaction of the court that diligent effort was made to give notice to every person known to have an interest in the property.

4. Defendant was duly served by Plaintiff.

5. No other parties have appeared to make a claim against the vessel M/V ANGIE.

6. Service was duly made upon the vessel by the United States Marshal.

7. Intervening Plaintiff, Columbia State Bank ("Columbia Bank") has submitted a declaration outlining its claims in the vessel upon foreclosure of a preferred ship's mortgage. The full balance due, as of July 30, 2010, is $421,538.80, and is accruing interest at the per diem rate of $111.03. Columbia Bank expects to incur additional attorney's fees and costs during the course of the sale of M/V Angie, which shall be added to Columbia Bank's claim.

8. Defendant has not filed any counter-claims or defenses to the claim of Columbia Bank.

9. All the net proceeds from the sale (after payment of a commission to the Marshal under 28 USC § 1921), shall be paid over to Columbia Bank up to the amount of its secured obligation as stated above. Columbia Bank seeks authority to purchase the vessel at the Marshal's sale and to be allowed to credit bid up to the amount of his judgment. This is a reasonable request.

10. Pursuant to its preferred ship mortgage, Columbia Bank is entitled to payment of its reasonable attorney's fees and costs incurred in this action, in an amount to be specified upon confirmation of the sale.

11. Columbia Bank is not requesting judgment on the secured obligation in order to

1  preserve its right to non-judicially foreclose certain deeds of trust granted to secured the same
2  obligation owed by Defendant.
3        Based upon the foregoing findings, it is hereby ORDERED as follows:
4        1.    Default is entered against all parties claiming an interest in the fishing vessel M/V
5  ANGIE,  its appurtenances, engines, tackle, cargo, product, equipment, freights, fishing rights,
6  licenses, permits, history and the like, etc., whom have not appeared in this matter.
7        2.    The United States Marshal shall sell the vessel M/V ANGIE, free and clear of all
8  liens or claims, at auction at a time and place to be arranged between the Marshal's service and
9  Columbia Bank.
10       3.    Pursuant to LAR 145(a), Notice of Sale of the vessel shall be published daily in
11 the Seattle Daily Journal of Commerce for a period of six days prior to the day of sale.
12       4.    Pursuant to LAR 145(a), the person whose bid is accepted shall immediately pay
13 the Marshal the full purchase price, if the bid is no more than $500, or a deposit of at least $500,
14 or 10% of the bid, whichever sum is greater, is the bid exceeds $500.  The bidder shall pay the
15 balance of the purchase price within three days thereafter, excluding Saturdays, Sundays, and
16 holidays.  Payments to the Marshal shall be made by cash, certified check, or cashier's check.
17       5.    Columbia Bank shall be entitled to bid the amount of its secured obligation, plus
18 any court costs, attorney's fees, and other legal expenses it has advanced in this matter.  If
19 Columbia Bank is the successful bidder using its credit bid, intervening plaintiff shall
20 nevertheless pay the Marshal's commission for the sale.
21 //
22 //
23 //

ORDER GRANTING INTERVENING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND ORDER DIRECTING SALE - 3
Case No. C09-1623JCC

00454865.DOC

6. Following the sale the Marshall shall filed a written report to the court of the fact of sale, the date thereof, the price obtained, and the name and address of the buyer.

DATED this 23rd day of September, 2010.

*John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING INTERVENING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND ORDER DIRECTING SALE - 4
Case No. C09-1623JCC

00454865.DOC